UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHANA MANGOLD, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAVALRY SPV I, LLC, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:21-CV-0054-NAB |

### **MEMORANDUM AND ORDER**

This matter is before the Court on four motions: Defendants' Motion for Extension of Time to File Answer (Doc. 17); Plaintiffs' Motion for Entry of Clerk's Default (Doc. 19); Defendants' Motion for Leave to File Answer Out of Time (Doc. 20); and Defendants' Motion for Leave to File Motions Responsive to Plaintiffs' Complaint (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.     Background**

On August 25, 2021, Plaintiffs filed their three-count complaint arising out of Defendants' conduct in collecting debt from Plaintiffs. Count I alleges violations of the Fair Debt Collections Practice Act against Defendant Cavalry SPV I, LLC ("Cavalry"). Count II alleges trespass against Cavalry and Defendants William Martin ("Martin) and City of Center, Missouri ("City"). Count III alleges violations of 42 U.S.C. § 1983 against Martin and City.

On October 12, 2021, Plaintiffs filed a Stipulation to Dismiss Cavalry. (Doc. 15.) Counts II and III against Defendants Martin and City are the remaining causes of action and defendants in this case.

The record reflects that Martin and City (collectively "Defendants") were served on September 3, 2021. (Docs. 8, 9.) Defendants did not file a responsive pleading to the Complaint

within the time allowed by Rule 12 of the Federal Rules of Civil Procedure. On October 6, 2021, after Defendants' responsive pleading was already past due, counsel for Defendants filed an entry of appearance, but did not file a responsive pleading.

On October 25, 2021, Defendants filed a motion for extension of time to file answer, citing "a recent press of both business and personal matters" as the basis for an extension. (Doc. 17.) Later that day, Plaintiffs filed an opposition, explaining that Plaintiffs' counsel attempted to call and email Defendants' counsel regarding this matter, and Defendants' Answer is more than 41 days out of time.[1] (Doc. 18.) Plaintiffs also filed a motion for entry of clerk's default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 19.) On October 28, 2021, Defendants filed a motion for leave to file answer out of time, attaching their proposed Answer to the motion. (Doc. 20.) Plaintiffs did not file a response.

On November 9, 2021, Defendants filed a motion for leave to file motions responsive to Plaintiffs' Complaint, and attached to the motion its proposed responsive pleadings. (Docs. 24, 25.) The first proposed motion relates to Count II for trespass. On Count II, Defendants seek judgment on the pleadings pursuant to Federal Rule 12(c), or alternatively, a dismissal pursuant to Federal Rule 12(b)(6). (Doc. 25-1.) Defendant's second proposed motion is a Motion for More Definite and Certain Statement as to Count III, Plaintiffs' section 1983 claim. (Doc. 25-3.) In the second proposed motion, Defendants seek an order pursuant to Federal Rule 12(e) directing Plaintiffs to amend Count III "to specify which, if any, constitutional right(s) might be at issue."

**II.    Discussion**

Plaintiffs argue that Defendants have not advanced any meritorious excuse for the Court to

---

[1] Defendants' responsive pleading was due on September 24, 2021. The undersigned notes that Defendants filed their motion for leave 31 days after their responsive pleading was due, not 41 days later as Plaintiffs contend.

accept their late Answer or their alternative responsive pleadings, which are even more out of time than the belated Answer. Plaintiffs ask the Court to enter a default judgment and deny Defendants' motion for leave to file additional motions.

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." The Clerk of Court has not entered default in this case because Defendants' motion for extension of time to file answer was pending when Plaintiffs' motion for entry of clerk's default was filed.

Here, Defendants' counsel cites "business and personal matters" as the basis for seeking to file a responsive pleading more than 31 days out of time. While this vague basis does not satisfy the Court that Defendants have good cause for their delay, the Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. *See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). Additionally, ever since Plaintiffs filed a motion for entry of clerk's default, Defendants have begun participating in this litigation. Defendants actively opposed the motion for default, filed a proposed answer, and then filed proposed motions attacking the complaint. Plaintiffs have not pointed to any prejudice that would result from denying the motion for entry of clerk's default. The fact that Defendants will be permitted to defend on the merits does not establish prejudice to

3

Plaintiffs. Therefore, the Court GRANTS Defendants' motion for extension of time to file answer and GRANTS Defendants' motion for leave to file answer. (Docs. 17, 20.) Plaintiffs' motion for entry of clerk's default is DENIED as moot.

As for Defendants' subsequent motion for leave to file responsive motions, the Court GRANTS the motion in part and DENIES the motion in part. The time for responsive pleadings has passed, and Defendants have not established good cause for their delay. The Court will accept Defendants' Answer, but Defendants will not be given leave to file a motion under Rule 12(b)(6) or 12(e), as the relief sought on these bases should have been asserted in Defendants' initial responsive pleading. However, the Court's acceptance of Defendants' Answer does not preclude the filing of a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). The Court will allow Defendants to file a motion for judgment on the pleadings, should they choose to file their proposed motion or a similar motion at an appropriate time in the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Time to File Answer is **GRANTED**. (Doc. 17.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Clerk's Default is **DENIED as moot**. (Doc. 19.)

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Answer Out of Time is **GRANTED**. (Doc. 20.) The Clerk shall detach and docket Defendants' Answer. (Doc. 20-1.)

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Motions

Responsive to Plaintiffs' Complaint is **GRANTED in part** and **DENIED in part** as detailed above. (Doc. 25.)

Dated this 24th day of November, 2021.

																							_____
																							NANNETTE A. BAKER
																							UNITED STATES MAGISTRATE JUDGE