## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| SHANA MANGOLD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-CV-0054-NAB |
| | ) | |
| CAVALRY SPV I, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions: Defendants' Motion for Additional Time to Respond to Discovery Requests (Doc. 35) and Plaintiffs' Motion for Extension of Deadline to Amend Pleadings and Join Parties (Doc. 38). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons detailed below, both motions will be granted.

### I.    Background

On August 25, 2021, Plaintiffs filed their three-count complaint arising out of Defendants' conduct in collecting debt from Plaintiffs. Count I alleges violations of the Fair Debt Collections Practice Act against Defendant Cavalry SPV I, LLC ("Cavalry"). Count II alleges trespass against Cavalry and Defendants William Martin ("Martin) and City of Center, Missouri ("City"). Count III alleges violations of 42 U.S.C. § 1983 against Martin and City. Plaintiffs filed a stipulated dismissal as to Cavalry, and Counts II and III against Defendants Martin and City (collectively "Defendants") are the remaining causes of action and defendants in this case.

Following service of Defendants, Defendants failed to timely file a responsive pleading. Defendants filed a motion for extension of time to file answer, but the motion was not filed until 31 days after their responsive pleading was due. (Doc. 17.) Plaintiffs opposed the extension and

filed a motion for default against Defendants for their failure to timely file a responsive pleading. (Docs. 18, 19.) Then, Defendants filed a motion for leave to file an answer out of time, attaching their proposed Answer. (Doc. 20.) Defendants also filed a motion for leave to file motions attacking the complaint in lieu of the previously proposed Answer. (Doc. 25.) Ultimately, the undersigned declined to enter default and allowed Defendants to file their Answer out of time, but did not allow the filing of Defendants' proposed untimely motion for judgment on the pleadings or motion for more definite statement. (Doc. 30.)

## II.     Defendants' Motion for Extension of Time re: Discovery Responses

On February 23, 2022, Defendants filed a motion seeking 30 additional days, up to and including March 9, 2022, to answer, object to, and otherwise respond to Plaintiffs' Interrogatories, Document Requests, and Admission Requests. (Doc. 35.) In support of the motion, Defendants state the discovery responses would have been due approximately two weeks before Defendants' motion was filed. Approximately one week before filing the motion, Defendants asked Plaintiffs for an additional twenty-one days to respond, and Plaintiffs refused as to the admissions request, claiming they were admitted and no response was appropriate going forward, but would agree to the twenty-one days as to the interrogatories and document requests, provided that any and all objections would be waived. Defendants state that this type of extension is routinely agreed to as a courtesy, especially at this early stage in the discovery process. Defense counsel asks the Court to exercise its discretion in allowing the extension, as counsel has been dealing with severe illness in his household, the loss of his paralegal from his practice, and has an upcoming jury trial. His extension request is not intended to delay the case or thwart the judicial process, and would not cause prejudice or surprise or impact the Case Management Order.

Plaintiffs oppose the motion, arguing the six requests to admit served on Defendant Center

and thirteen requests to admit served on Defendant Martin are already admitted by operation of Federal Rule of Civil Procedure 36(a)(3), on February 7, 2022. Plaintiffs contend that on February 8, 2022, when Defendants requested a seven-day extension, the requests were already deemed admitted, and it was out of Plaintiffs' hands. Plaintiffs argue Defendants have refused to provide Rule 26 disclosures and documents, and Plaintiffs are especially prejudiced by this delay because they don't have sufficient information to amend their pleadings by the Court's February 28, 2022 deadline. Defendants have failed to meet deadlines in this case and this is the second time they have asked for an extension out of time.

As an initial matter, the undersigned notes that it is rare for the Court to have to rule on a contested motion for extension of time. Defendants correctly point out that a first extension of time related to discovery is a fairly standard courtesy among litigators. However, Defendants cannot ignore the fact that this is not the first extension they have asked for out of time. While Defendants have stated good reasons for requiring an extension of time, it is unclear to the Court why they have twice now sought extensions *after the expiration of their deadlines.* The Court understands Plaintiffs' frustration, and it will not tolerate further undue delay or neglect of the deadlines imposed by the Federal Rules, Local Rules, and the Case Management Order. It should go without saying that if Defendants cannot reasonably comply with an operative deadline, they must seek an extension of time *before* the expiration of the deadline. It is that simple.

As to the merits of Defendants' motion, the Court will grant the extension of time. The Court is not convinced that Plaintiffs have established prejudice to warrant denial of the extension. The discovery requests were propounded on January 7, 2022, two days after the Rule 16 conference and issuance of the Case Management Order. (Doc. 34.) Plaintiffs were diligent in beginning the discovery process, and it cannot be said that there has been sufficient delay to cause

prejudice at this time. Additionally, the Court is unpersuaded by Plaintiffs' argument that Plaintiffs or the Court cannot "undo" the admissions because Defendants did not request an extension until after the requests were deemed admitted. *See Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4714908, at *2 (E.D. Mo. Sept. 22, 2014) citing *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983) (recognizing district courts have the power to allow a longer time for responding to requests for admission, and therefore may permit the filing of answers that would otherwise be untimely). To the extent Plaintiffs believe admissions took place by virtue of the delayed response, Plaintiffs can consider the admissions withdrawn.

In their motion, Defendants sought until March 9, 2022 to answer, object to, and otherwise respond to Plaintiffs' Interrogatories, Document Requests, and Admission Requests. The requested deadline passed while the motion was pending. Defendants have surely provided responses by the date of this Order. If Defendants are still not in compliance with the Federal Rules regarding providing discovery responses, they have one day to serve their objections and responses to Plaintiffs.

### III.    Plaintiffs' Motion for Extension of Time to Amend Pleadings or Join Parties

Plaintiffs seek an extension of time to amend pleadings and join parties until April 15, 2022. (Doc. 38.) In support of the motion, Plaintiffs state that as of February 28, 2022, Defendants have failed to provide Rule 26 disclosures and have failed to respond to Plaintiffs' discovery requests. Thus, Plaintiffs do not have the information needed to determine whether the facts permit an amendment or addition of other parties. Defendants have not responded to the motion, and the time to do so has passed. The Court will grant the motion, and because the requested deadline is quickly approaching due to the amount of time the motion was pending, the Court will *sua sponte* give the parties until April 20, 2022 to amend pleadings or join parties.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Time to Respond to Discovery Requests is **GRANTED**. (Doc. 35.) If Defendants have not already provided objections and responses to the requests, they must do so no later than **April 6, 2022**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Deadline to Amend Pleadings and Join Parties is **GRANTED**. (Doc. 38.) All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **April 20, 2022**.

**IT IS FINALLY ORDERED** that a status conference is **SET** for **April 25, 2022, at 10:00 am** via Zoom. The parties will receive an email with Zoom instructions before the conference.

Dated this 5th day of April, 2022.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE